NIMMONS, Judge.
Appellant was charged with willful failure to appear in circuit court in Gainesville in violation of Section 843.15, Florida Statutes (1985). At trial, the state introduced evidence establishing that the appellant failed to appear before the court on the date and at the time scheduled. Appellant testified that he was en route from Jacksonville "to Gainesville when he had a flat tire. He said that he obtained a ride to Starke, purchased a tire, and returned to install the new tire on his car. Because of his approximate two-hour delay and because he was dirty, sweaty and frustrated, he decided to return to Jacksonville. He said that he did not try to call the court or his attorney although he did contact his attorney the following day. He said he did not realize the seriousness of the matter and thought his hearing could be rescheduled.
Counsel for appellant requested that the jury be given the following instruction, which is a definition of “willful” from Black’s Law Dictionary:
A willful act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently-
Instead, the trial court gave the following instruction which is the same or similar definition of “willful” as the one found in the Standard Jury Instructions:[1]
*1110 Willfully means intentionally, knowingly, and purposely.
Appellant argues that the court erred in failing to give the requested jury instruction. We find no error. The difference between the requested instruction and the one from the standard instructions is that in the former, the jury is informed of what willfulness is not. As the Second District stated in Wilson v. State, 284 So.2d 24 (Fla. 2d DCA 1973) rev’d on other grounds 294 So.2d 327 (Fla.1974) (involving a perjury charge):
Here, the instructions given relating to the State’s burden of proof of each element of the offense, including the charge that the accused “then and there swore falsely” and that the offense was committed by one who “willfully swears or affirms falsely — ” were sufficient to advise the jury of the willfulness required and to have negatived any proper concept of mistake without the necessity of giving a separate defense instruction as to the converse of that proposition.
Id. at 26. Moreover, it has long been the rule that there is no error in failing to give a special instruction upon matters covered by the general charge of the trial judge. Bennett v. State, 65 Fla. 84, 61 So. 127 (1913).
Appellant also contends that the prosecutor improperly remarked, during the rebuttal phase of his closing argument, on the defendant’s prior convictions and that the trial court erred in refusing to grant defendant’s motion for mistrial. We disagree. The comment by the prosecutor was a proper suggestion that the jury was entitled to consider the prior convictions in determining the defendant’s credibility. See Wilkens v. State, 383 So.2d 742 (Fla. 4th DCA 1980).
AFFIRMED.
BARFIELD, J., concurs.
SHIVERS, J., dissents with written opinion.

. Although there is no standard instruction on offenses under Section 843.Í5, the Florida Standard Jury Instructions In Criminal Cases, Second Edition, does include the following definí- *1110 tions of "willfully” under the crimes of criminal mischief and trespass at pages 130 and 141, respectively, of the Standard Instructions:
Willfully means intentionally, knowingly and purposely.
******
Willfully means intentionally and purposely.