HARRIS, Judge.
We agree that the record supports the jury verdict of guilt on the charge of vehicular homicide. And while we agree that the record would support the verdict that the defendant left the scene of an accident involving death, it would also support a verdict of leaving the scene of an accident involving injury and, because of the charge given to the jury, we believe that the only sustainable charge is leaving the scene of an accident involving injury. Since this appears to be a case of first impression, we certify the issue to the supreme court as an issue of statewide importance.
The problem arises because of the amendment to section 316.027(1), Florida Statutes, made in 1993. That amendment divided what had been the offense of leaving the scene of an accident involving death or injury into two separate offenses: leaving the scene of an accident involving injury, which remained a third degree felony, and leaving the scene of an accident involving death, which became a second degree felony. In either case, under the statute as amended, the State is required to prove that the defendant “willfully violates” the specific prohibition. However, the court instructed the jury that it could convict for the second degree felony if it found that the defendant left the scene knowing only that an injury had occurred (a requirement of the third degree felony).
The State makes a good policy argument that the evil being addressed in both sections of the statute is leaving the scene without rendering assistance or reporting. It contends that whether death or mere injury results should not affect one’s obligation to remain at the scene. But the issue of whether the victim lives or dies, since the 1993 amendment, makes a material difference, at least at law, in the obligation to remain at the scene. Literally years of difference.
Although we are aware of no case that has addressed this issue since the amendment, we are guided by the supreme court’s analy *626 sis in State v. Mancuso, 652 So.2d 370 (Fla.1995). In Mancuso, the defendant was charged under the statute before the amendment; that is, he was charged with leaving the scene of an accident involving death or injury. In fact, in Mancuso, one victim died and the other was seriously injured. Mancu-so requested an instruction that before the jury could convict him of the charge, it must find that he knew that death or injury had occurred. The State apparently prevailed on an argument similar to the one it makes here: that it was only necessary that the jury find Mancuso knew he was involved in an accident and failed to remain at the scene. This argument is based on the fact that since the law [F.S. 316.061] requires that one involved in an accident resulting only in property damage must remain at the scene for the purpose of reporting, the fact that death or injury results is only incidental. The logic of the State’s argument made in Mancuso is the same as argued here. The supreme court in Mancuso rejected this argument.
Mancuso found that in the pre-amendment crime of leaving the scene of an accident involving death or injury, proof of knowledge that a death or injury occurred was essential to obtain a conviction. Merely knowing that one left the scene of an accident involving property damage would not be sufficient because a more severe criminal penalty is imposed when death or injury results. Now that the statute has been amended, the same logic applies here, a more severe penalty is imposed if a death occurs. Further, the statute involved in this case provides: “Any person who willfully violates this paragraph, [leaving the scene of an accident involving death] is guilty of a felony of the second degree_” [Emphasis added.] As the court stated in Mancuso, one can not “willfully” do something that he is unaware has occurred. How can he “wilfully” leave the scene of an accident involving death, if he is unaware of the death?
The court in Mancuso directed the Committee on Standard Jury Instructions in Criminal Cases to prepare an instruction consistent with the Mancuso holding. The Committee has now done so and although the new instruction relates to the amended version of section 316.027(1) and was not approved in time to be applicable to our case, it is nevertheless persuasive. The new instruction, as does the statute itself, distinguishes between the knowledge that must be proved in order to convict. It provides:
Before you can find the defendant guilty of Leaving the Scene of an Accident, the State must prove the following four elements beyond a reasonable doubt:
[[Image here]]
3. (Defendant) knew or should have known of the [injury to] [death of] the person.
We believe that the bracketed portions of the instruction are to be given in the alternative depending on the charge. This is consistent with the reasoning of Mancuso.
We affirm the conviction for vehicular homicide but remand the case for further proceedings on the charge of leaving the scene. The State may elect to retry the defendant on the second degree charge or accept a conviction for the third degree felony. See Smith v. State, 340 So.2d 1216 (Fla. 4th DCA 1976).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
PETERSON, C.J., and ANTOON, J., concur.