700 So.2d 1223 (1997)
STATE of Florida, Petitioner/Cross-Respondent,
v.
Todd E. DUMAS, Respondent/Cross-Petitioner.
No. 89769.
Supreme Court of Florida.
October 23, 1997.
*1224 Robert A. Butterworth, Attorney General and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Petitioner/Cross-Respondent.
H. Manuel Hernandez, Longwood, for Respondent/Cross-Petitioner.
HARDING, Justice.
We have for review Dumas v. State, 686 So.2d 625 (Fla. 5th DCA 1996), in which the Fifth District Court of Appeal certified the following question to be of great public importance:
UNDER THIS COURT'S RULING IN STATE V. MANCUSO, 652 So.2d 370 (Fla. 1995), REQUIRING THAT THE JURY BE CHARGED REGARDING THE KNOWLEDGE REQUIRED PRIOR TO CONVICTING A DEFENDANT OF LEAVING THE SCENE OF AN ACCIDENT WITH INJURY OR DEATH, DID THE 1993 AMENDMENTS TO FLORIDA STATUTE 316.027, WHICH DIVIDED THE OFFENSE OF LEAVING THE SCENE OF AN ACCIDENT INTO TWO FELONIES, ONE A SECOND DEGREE FELONY IF A DEATH WAS INVOLVED, AND THE OTHER A THIRD DEGREE FELONY IF AN INJURY WAS INVOLVED, THEN REQUIRE THAT THE JURY BE CHARGED REGARDING THE MANCUSO KNOWLEDGE REQUIREMENT BASED ON THE ACTUAL OFFENSE CHARGED, TO WIT: DEATH IF SO CHARGED OR INJURY IF SO CHARGED?
Id. at 626-27. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. For the reasons expressed below, we answer the certified question in the negative.
Todd E. Dumas was convicted of vehicular homicide and leaving the scene of an accident resulting in a death after he struck and killed a pedestrian along Interstate 4 in Orlando on the night of August 4, 1994. The statute under which Dumas was convicted, entitled "Accidents involving death or personal injuries," was amended in 1993 to create two separate offenses: leaving the scene of an accident involving injury, a third degree felony; and leaving the scene of an accident involving death, a second degree felony.[1]See § 316.027(1), Fla. Stat. (1995).
On appeal, the district court reversed Dumas' conviction for leaving the scene of an accident involving death, finding that the jury had been improperly instructed as to the knowledge element for this offense. The trial court instructed the jury that the State was required to prove that Dumas "knew or should have known that the death of or injury to [the victim] resulted from the collision." The district court concluded that the jury must be instructed in the alternative, depending *1225 on the charge involved, and that in the instant case the jury had been instructed that it could convict Dumas for leaving the scene of an accident resulting in a death if it found that he left the scene knowing only that an injury had occurred. Dumas, 686 So.2d at 625. The district court cited this Court's analysis in State v. Mancuso, 652 So.2d 370 (Fla.1995), and the new jury instruction which followed our decision in Mancuso as supporting this conclusion in Dumas' case. Dumas, 686 So.2d at 626.
In Mancuso, this Court held that "criminal liability under section 316.027 requires proof that the driver charged with leaving the scene [of an accident involving death or injury] either knew of the resulting injury or death or reasonably should have known from the nature of the accident and that the jury should be so instructed." 652 So.2d at 372. We accordingly directed the Committee on Standard Jury Instructions in Criminal Cases to prepare an instruction consistent with our opinion in Mancuso. Id.
The new instruction, which was not approved in time to be applicable to the instant case, provides:
Before you can find the defendant guilty of Leaving the Scene of an Accident, the State must prove the following four elements beyond a reasonable doubt:
....
3. (Defendant) knew or should have known of the [injury to] [death of] the person.
Fla. Std. Jury Instr. (Crim.) 280 g. In the instant case, the district court concluded that the bracketed portions of the instruction must be given in the alternative depending on the charge involved. Dumas, 686 So.2d at 626. The court further concluded that such instruction is consistent with the reasoning of Mancuso. Id. We do not agree.
In Mancuso, we determined that knowledge was an essential element of section 316.027 because (1) the statute imposes a more severe penalty for leaving an accident where personal injuries are involved than does a similar statute imposing sanctions where only property damage is involved; and (2) the statute requires a driver to take an affirmative course of action which necessarily requires that the driver be aware of the facts giving rise to the duty. 652 So.2d at 372. When this Court decided Mancuso in 1995, section 316.027 addressed only one crime, the felony of willfully leaving the scene of an accident involving injury or death. The 1993 amendment divided the offense into two felonies: leaving the scene of an accident resulting in injury (which remained a third-degree felony) and leaving the scene of an accident resulting in death (which became a second-degree felony). See § 316.027(1)(a)-(b), Fla. Stat. (1995).
In Dumas, the district court concluded that this division requires that the knowledge element be divided as well. Under the district court's construction of the statute, the State must prove that the defendant knew or should have known that a death occurred in order to obtain a conviction for the second-degree felony of leaving the scene of an accident resulting in death. In contrast, the State contends that only knowledge of injury need be proven in either case and, rather than the driver's knowledge of the extent of the injuries, it is the result that determines what offense has occurred.
We find the State's construction of the statute to be the correct one. Florida law imposes an affirmative duty on a driver to stop, render aid, and provide certain information necessary for an insurance claim and an accident report whenever there is an injury. § 316.062, Fla. Stat. (1995). Florida law further makes it a felony to fail to complete these duties. § 316.027(2), Fla. Stat. (1995). One of the main purposes of the statute is to ensure that accident victims receive medical assistance as soon as possible. Herring v. State, 435 So.2d 865, 866 (Fla. 3d DCA 1983) ("It is apparent that the purpose of sections 316.027 and 316.062 is to assure that any injured person is rendered aid and that all pertinent information concerning insurance and names of those involved in the traffic accident is exchanged by the parties."). The fact that a death rather than an injury has occurred does not trigger a different set of duties. Thus, the knowledge element that triggers the affirmative duty is the same in each circumstance, but the sanction imposed *1226 is determined by the results of the accident. This result-driven sanction implicitly recognizes the possibility that a fleeing driver's failure to stop and render aid may be the reason that an injured person dies. Moreover, requiring proof that a driver had knowledge of death would lead to an absurd result: a driver who callously leaves the scene of a serious accident can avoid a second-degree felony conviction by disavowing knowledge of death.
Contrary to the district court's conclusion, we find this construction of section 316.027 to be consistent with our opinion in Mancuso. We noted that there are two primary rationales for interpreting the statute as requiring knowledge of injury: (1) the statute imposes a more severe criminal penalty for leaving the scene of an accident where personal injuries are involved than does a similar statute which imposes sanctions where only property damage is involved; and (2) a driver must be aware of the facts giving rise to the affirmative duties imposed by the statute in order to be held liable for not performing those duties. Mancuso, 652 So.2d at 372. These rationales are not undercut by a single knowledge standard. There is a vast gulf between the sanctions imposed for leaving the scene of an accident where only property damage is involved, and where knowledge need not be proven, and the criminal penalties for leaving the scene of an accident where injury or death is involved. Compare § 316.061(1), Fla. Stat. (1995) (sanction for leaving scene of accident involving property damage is fine of not more than $500 or imprisonment for not more than sixty days or both) with § 316.027(1)(a) (sanction for leaving scene of accident involving personal injury is fine not exceeding $5000 or term of imprisonment not exceeding five years or both) and § 316.027(1)(b) (sanction for leaving scene of accident involving death is fine not exceeding $10,000 or term of imprisonment not exceeding fifteen years or both). Also, the State must still prove that the driver was aware of the facts giving rise to the affirmative duty: that personal injury has occurred.
Accordingly, we answer the certified question in the negative and quash the decision below.[2]
It is so ordered.
OVERTON, GRIMES and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion in which KOGAN, C.J., and SHAW, J., concur.
ANSTEAD, Justice, dissenting.
In my view it is more than coincidence that the Supreme Court Committee on Standard Jury Instructions in Criminal Cases and the Fifth District Court of Appeal have interpreted our decision in Mancuso as requiring a defendant to have actual or constructive knowledge of the consequences of his action before he can be found guilty of the distinct offense of leaving the scene of an accident involving death. Those two institutions have given plain meaning to the words of the pertinent statutes as well as our opinion in Mancuso. It is this Court that is changing direction today and retreating from our decision in Mancuso.[3]
For example, this Court referred this matter to The Supreme Court Committee on Standard Jury Instructions in Criminal Cases "for consideration of an instruction consistent with our holding in this case." Mancuso, 652 So.2d at 372. Thereafter, the Committee has sent its recommended instruction to the Supreme Court and we approved *1227 its use. Standard Jury Instructions in Criminal Cases (95-2), 665 So.2d 212, 215 (Fla.1995). In the Committee's instruction under the amended statute, the knowledge element of the offense clearly distinguishes between the two separate sections of the leaving the scene statute by using separate brackets for the appropriate terms related to each section of the statutes: "(Defendant) knew or should have known of the [injury to] [death of] the person." Id. (emphasis added). This is precisely the instruction that the defense requested here and the trial court refused to give.
Initially, we must remember that we are talking about a statute that is not focused on a person's culpability in causing property damage, personal injury or death. The State is obviously free to prosecute a defendant under a number of criminal statutes including the manslaughter statute, if the factual circumstances of the incident justify such a prosecution. In fact, the defendant here has been prosecuted and convicted of vehicular homicide and his conviction and sentence for that offense have been affirmed on appeal. That conviction is not in issue here.
The statute as amended and in effect for this case created two (2) separate crimes: one for willfully leaving the scene when a death is involved, a second-degree felony, and another for willfully leaving the scene when personal injuries are involved, a third-degree felony.[4] These are separate and distinct crimes with increased penalties as the seriousness of the injuries increases. The offense at issue here concerns criminal liability for intentionally leaving the scene of an accident involving death. On that issue, it is apparent that Judge Harris, in writing for a unanimous Fifth District panel, correctly described our opinion and holding in Mancuso:
Although we are aware of no case that has addressed this issue since the amendment, we are guided by the supreme court's analysis in State v. Mancuso, 652 So.2d 370 (Fla.1995). In Mancuso, the defendant was charged under the statute before the amendment; that is, he was charged with leaving the scene of an accident involving death or injury. In fact, in Mancuso, one victim died and the other was seriously injured. Mancuso requested an instruction that before the jury could convict him of the charge, it must find that he knew that death or injury had occurred. The State apparently prevailed on an argument similar to the one it makes here: that it was only necessary that the jury find Mancuso knew he was involved in an accident and failed to remain at the scene. This argument is based on the fact that since the law [F.S. 316.061] requires that one involved in an accident resulting only in property damage must remain at the scene for the purpose of reporting, the fact that death or injury results is only incidental. The logic of the State's argument made in Mancuso is the same as argued here. The supreme court in Mancuso rejected this argument.

Mancuso found that in the pre-amendment crime of leaving the scene of an accident involving death or injury, proof of knowledge that a death or injury occurred was essential to obtain a conviction.

*1228 Merely knowing that one left the scene of an accident involving property damage would not be sufficient because a more severe criminal penalty is imposed when death or injury results. Now that the statute has been amended, the same logic applies here, a more severe penalty is imposed if a death occurs. Further, the statute involved in this case provides: "Any person who willfully violates this paragraph, [leaving the scene of an accident involving death] is guilty of a felony of the second degree...." [Emphasis added.] As the court stated in Mancuso, one can not "willfully" do something that he is unaware has occurred. How can he "wilfully" leave the scene of an accident involving death, if he is unaware of the death?

The court in Mancuso directed the Committee on Standard Jury Instructions in Criminal Cases to prepare an instruction consistent with the Mancuso holding. The Committee has now done so and although the new instruction relates to the amended version of section 316.027(1) and was not approved in time to be applicable to our case, it is nevertheless persuasive. The new instruction, as does the statute itself, distinguishes between the knowledge that must be proved in order to convict. It provides:
Before you can find the defendant guilty of Leaving the Scene of an Accident, the State must prove the following four elements beyond a reasonable doubt:
* * * * * *
3. (Defendant) knew or should have known of the [injury to] [death of] the person.
We believe that the bracketed portions of the instruction are to be given in the alternative depending on the charge. This is consistent with the reasoning of Mancuso.

Dumas, 686 So.2d at 625 (first and fourth emphasis added). Judge Harris "hit the nail on the head" when he pointed out that under the reasoning in Mancuso a driver could not willfully leave the scene of an accident involving death, and thereby assume the risk of being prosecuted under section 316.027(1)(b), if the driver was unaware of the death. Knowledge of the death is an element of the crime.
This Court's decision in Mancuso was premised on the theory that:
the statute imposes a more severe criminal penalty for leaving the scene of an accident where personal injuries are involved than does a similar statute imposing sanctions where only property damage is involved, Porras, 610 P.2d at 1053-54; and [2] the "statute requires an affirmative course of action to be taken by the driver and it necessarily follows that one must be aware of the facts giving rise to this affirmative duty in order to perform such a duty," Kimoktoak, 584 P.2d at 31.
Mancuso, 652 So.2d at 372. Clearly, under our reasoning in Mancuso, a defendant must be shown to "be aware of the facts giving rise to this affirmative duty" in order to be subject to the amended statutes. For example, a defendant must be shown to be aware that a death was likely involved to be guilty of the second-degree felony involving death. For the lesser offense of a third-degree felony, only a showing that injuries likely occurred is required.
To hold otherwise is to concede that Mancuso was wrongfully decided and that when one leaves the scene of the accident he simply assumes the risk of the ultimate consequences of the accident no matter how severe, an outcome we expressly rejected in Mancuso. I would adhere to our ruling and reasoning in Mancuso and approve the opinion of the Fifth District.
KOGAN, C.J., and SHAW, J., concur.
NOTES
[1] Prior to the 1993 amendment, the statute provided that leaving the scene of an "accident resulting in injury or death" was a third-degree felony. § 316.027, Fla. Stat. (1991).
[2] We decline to address the issues raised in Dumas' cross-petition.
[3] The majority overstates its case by venturing that "requiring proof that a driver had knowledge of death would lead to an absurd result: a driver who callously leaves the scene of a serious accident can avoid a second-degree felony conviction by disavowing knowledge of death." This is an illusory fear and evokes a situation already contemplated in the standard jury instruction on this crime. The third element of leaving the scene of accident involving death or injury is the "[defendant] knew or should have known of the [injury to][death of] the person." (Emphasis added). Thus, the callous hit-and-run driver concern is without foundation. Claimed ignorance of death will not automatically absolve a defendant of second-degree felony charges. The jury will determine if the defendant had the requisite knowledge to support a second-degree felony conviction.
[4] Examination of the precise wording of the statutes demonstrates the fundamental flaw in the majority's reasoning:

(1)(a) The driver of any vehicle involved in an accident resulting in injury of any person must immediately stop the vehicle at the scene of the accident, or as close thereto as possible, and must remain at the scene of the accident until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084
(b) The driver of any vehicle involved in an accident resulting in the death of any person must immediately stop the vehicle at the scene of the accident, or as close thereto as possible, and must remain at the scene of the accident until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084 ...
§ 316.027, Fla. Stat. (1995) (emphasis added). The statute clearly requires a contemporaneous knowledge of the accident's result: injury or death. Therefore, although each crime has a knowledge requirement, each has a different requirement. That is why each crime has a different penalty: the legislature has made the policy decision that knowledge of death carries a stiffer penalty than knowledge of injury. Under the majority's reasoning, the lesser subsumes the greater in a catch-all knowledge element.