# Supreme Court of Florida

_____

No. SC13-2453

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
INSTRUCTION 8.25.**

[June 26, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize for publication and use new

instruction 8.25 (Violation of a Condition of Pretrial Release from a Domestic

Violence Charge).  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposed new instruction 8.25 because there is no existing

standard instruction for the crime as defined in section 741.29(6), Florida Statutes

(2013).[1]  The pertinent statute provides as follows:  "A person who willfully

_____

1. The Committee's proposal to add new jury instruction 8.25 was proposed
under case number SC13-1254.  The Court severed instruction 8.25 from case
number SC13-1254 and directed the Committee to file its proposal in case number
SC13-2453.  When originally published by the Committee, one comment was
received, from the Florida Prosecuting Attorneys Association.  While the proposed

violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree . . . ." § 741.29(6), Fla. Stat. (2013).

Having considered the Committee's report and the comments submitted to the Committee and the Court, we amend the standard jury instructions as proposed by the Committee. Element number two to instruction 8.25—i.e., "Before [his] [her] trial, (defendant's) release on the domestic violence charge was set with a condition of (insert condition of pretrial release in Fla. Stat. 903.047)"— reflects the interpretation that one can violate a condition of pretrial release before being released from jail.

New instruction 8.25, as set forth in the appendix to this opinion, is hereby authorized for publication and use. In authorizing the publication and use of this instruction, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the

---

instruction was pending under case number SC13-1254, the Florida Public Defender Association filed a comment with the Court.

views of this Court as to their correctness or applicability.  The instruction as set

forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Honorable Joseph A. Bulone, Chair, Clearwater, Florida, and Honorable Jacqueline Hogan Scola, Past Chair, Standard Jury Instructions in Criminal Cases Committee, Miami, Florida, and Bart Schneider, Senior Attorney, Office of State Court Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 8.25 VIOLATION OF A CONDITION OF PRETRIAL RELEASE FROM A DOMESTIC VIOLENCE CHARGE
§ 741.29(6), Fla. Stat.

**To prove the crime of Violation of a Condition of Pretrial Release from a Domestic Violence Charge, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was arrested for an act of domestic violence.**

2. **Before [his] [her] trial,** (defendant's) **release on the domestic violence charge was set with a condition of** (insert condition of pretrial release in Fla. Stat. 903.047).

3. (Defendant) **knew that a condition of [his] [her] pretrial release was** (insert condition)**.**

4. (Defendant) **willfully violated that condition of pretrial release by** (insert the manner in which the defendant is alleged to have violated pretrial release)**.**

*Definitions.*
*§ 741.28, Fla. Stat.*
**"Domestic violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.**

**"Family or household members" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*

"**Willfully" means knowingly, intentionally and purposely.**

**Lesser Included Offenses**

| VIOLATION OF A CONDITION OF PRETRIAL RELEASE FROM A DOMESTIC VIOLENCE CHARGE—741.29(6) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2014.