# Supreme Court of Florida

_____

No. SC13-1121

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2013-04.**

[June 4, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal

jury instructions:  28.4 (Leaving the Scene of a Crash Involving Death or Injury);

28.6 (Fleeing to Elude a Law Enforcement Officer); 28.7 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated)); 28.8 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated with High Speed or Reckless

Driving)); 28.81 (Fleeing to Elude a Law Enforcement Officer (Siren and Lights

Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or

Death)); 28.82 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Injury or Death then Causing Serious Bodily Injury or Death)); 28.83 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)); 28.84 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Injury or Death then Causing Injury or Property Damage to Another)); 28.85 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)). The Committee also proposes the following new jury instruction: 28.18 (Failure to Obey the Lawful Order of a [Police] [Fire] [Traffic] Official). The Committee published its proposals in The Florida Bar News. Two comments were received by the Committee. The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, we amend the standard jury instructions as proposed by the Committee and authorize them for publication and use. The majority of the Committee's proposals are straightforward and do not warrant further discussion. With respect to instructions 28.81, 28.82, 28.83, 28.84, and 28.85, those instructions are renumbered 28.8(a), 28.8(b), 28.8(c), 28.8(d), and 28.8(e), respectively. Instructions 28.4, 28.8(b), and 28.8(e) have been modified to reflect the actual knowledge element, i.e., that the defendant knew that he or she was

involved in a crash or accident, consistent with this Court's decision in State v. Dorsett, 158 So. 3d 557, 563 (Fla. 2015).

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1]  New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

[1]. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## 28.4 LEAVING THE SCENE OF A CRASH INVOLVING [DEATH] ~~OR~~ [INJURY]
§ 316.027(1), Fla. Stat.; § 316.062, Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving [Death] [Injury], the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [injury to] [death of] any person.**

2. (Defendant) **knew ~~or should have known~~ that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if injury is charged.*
3.   a.  (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person.**

   b.  (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a, 4b, or both as applicable.*
4.   a.  (Defendant) **willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle] and to any police officer investigating the crash or accident.**

   **[or]**

   b.  (Defendant) **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

**If the State proves that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Definitions. Fla. Stat. § 316.003(75).*
**A "vehicle" is every device, in, upon, or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

### Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| LEAVING THE SCENE OF A CRASH INVOLVING DEATH OR INJURY — 316.027(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments

See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).

This instruction was adopted in 1995 [665 So. 2d 212] and amended in 2008 [~~SC07-1851, January 10, 2008~~] [973 So. 2d 432] and 2015.

# 28.6  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
§ 316.1935(1), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. **A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.**

*Give 3a or 3b as applicable.*

3. (Defendant)**, knowing [he] [she] had been ordered to stop by a duly authorized law enforcement officer,**

   a. **willfully refused or failed to stop the vehicle in compliance with the order**

   b. **having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.**

*Definitions.*

**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53)*

**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*Fla. Stat. § 316.003(75)*

**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*

**"Willfully" means intentionally, knowingly, and purposely.**

## Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle)  ~~None~~ | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

## Comments

For the category two lesser included offense, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], ~~and~~ 2011 [73 So. 3d 136], and 2015.

## 28.7  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated)
§ 316.1935(2), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings**

**prominently displayed on the vehicle and with siren and lights activated.**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53)*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*Fla. Stat. § 316.003(75)*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], ~~and~~ 2011 [73 So. 3d 136] and 2015.

## 28.8  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving)
§ 316.1935(3)(a), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53)*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*Fla. Stat. § 316.003(75)*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935 (3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing was in a motor vehicle) | ~~Reckless driving~~ | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], ~~and~~ 2011 [73 So. 3d 136] and 2015.

**28.8~~1~~(a)  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
(Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)**
§ 316.1935(3)(b), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:**

**1.** (Defendant) **was operating a vehicle upon a street or highway in Florida.**

- 11 -

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

5. **As a result of** (defendant's) **fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53)*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*Fla. Stat. § 316.003(75)*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(3)(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Fleeing to elude | | 316.1935(3)(a) | 28.8 |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing is in a motor vehicle) | ~~Reckless driving~~ | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136] and 2015.

**28.8~2~(b)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Injury or Death then Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.027, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

- 13 -

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [injury to] [the death of] any person.**

2. (Defendant) **knew** or should have known **that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if injury is charged.*

3.    **a.**    (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person**.

      **b.**    (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4.    (Defendant)

      **a. willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant][person attending the vehicle or other damaged property] and to any police officer investigating the crash or accident.**

      **b. willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5.    **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.    (Defendant)**, knowing [he][she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

**7.** **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash <u>or accident</u> or as close to the scene of the crash <u>or accident</u> as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Definitions.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*Fla. Stat. § 316.003(75)*
**<u>"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.</u>**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING<br>(Leaving a Crash Involving Injury or Death and then Causing Serious Injury Bodily Injury or Death) —<br>316.1935(4)(b) and 316.027 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.84 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |

| | | | |
|---|---|---|---|
| Leaving Scene of a Crash ~~Accident~~ Involving Death | | 316.027(1)(b) | 28.4 |
| Leaving Scene of a Crash ~~Accident~~ Involving Injury | | 316.027(1)(a) | 28.4 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | ~~Reckless Driving~~ | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136] and 2015.

**28.83(c) AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash** ~~resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.~~

- 16 -

**2.** ~~(Defendant) knew or should have known that [he] [she] was involved in a crash~~ **The crash resulted only in damage to a vehicle or other property.**

**3.** ~~(Defendant) knew or should have known of the damage to [the vehicle] [the attended property]~~ **The [vehicle] [other property] was [driven] [attended] by [a person]** [(name of person)]**.**

**4.** (Defendant) ~~willfully~~ **failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver <u>or occupant of the damaged vehicle</u>] [person attending the damaged <u>vehicle or</u> property] [and to any police officer <u>at the scene of the crash or who is </u>investigating the crash.**

**5.** **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

**6.** (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

**7.** **As a result of** (defendant) **fleeing or eluding, [he] she] caused [serious bodily injury to] [the death of]** (name of victim)**.**
*~~§ 316.061, Fla. Stat.~~*
~~A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."~~

**If the State proves beyond a reasonable doubt that the defendant ~~willfully~~ failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*<u>Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).</u>*
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062(1).*

**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*Fla. Stat. § 316.003(75)*

**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death) — 316.1935(4)(b) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.85 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | ~~Reckless Driving~~ | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d  136] and 2015.

## 28.84(d)  AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Injury or Death then Causing Injury or Property Damage to Another)
§ 316.1935(4)(a) and § 316.027 Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash or accident occurring on public or private property resulting in [injury to] [the death of] any person.**

2. (Defendant) **knew or should have known that [he] [she] was involved in a crash or accident.**

*Give 3a if death is charged or 3b if injury is charged.*
3. a. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to or death of the person**.

   b. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash or accident, of the injury to the person.**

*Give 4a or 4b or both as applicable.*
4. (Defendant)

   a. **willfully failed to stop at the scene of the crash or accident or as close to the crash or accident as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash or accident.**

   b. **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5.  **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.  (Defendant)**, knowing [he][she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop][and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.  **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [an injury to] [damage to the property of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash <u>or accident</u> or as close to the scene of the crash <u>or accident</u> as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Definitions.*
<u>*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*</u>
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*Fla. Stat. § 316.003(75)*
**<u>"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.</u>**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Injury or Death and then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and § 316.027 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving Scene of a Crash ~~Accident~~ Involving Death | | 316.027(1)(b) | 28.4 |
| Leaving Scene of a Crash ~~Accident~~ Involving Injury | | 316.027(1)(a) | 28.4 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | ~~Reckless Driving~~ | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

See *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), *State v. Dumas*, 700 So. 2d 1223 (Fla. 1997), and *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136] and 2015.

**28.85(e)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)**
§ 316.1935(4)(a) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash** ~~resulting only in damage [to a vehicle] [to property other than a vehicle] which was driven or attended by a person.~~

2. (Defendant) ~~knew or should have known that [he] [she] was involved in a crash~~**The crash resulted only in damage to a vehicle or other property.**

3. (Defendant) ~~knew or should have known of the damage to [the vehicle] [the attended property]~~**The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

4. (Defendant) ~~willfully~~ **failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the crash].**

5. **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6. (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7. **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [injury to] [damage to the property of]** (name of victim)**.**

*§ 316.061, Fla. Stat.*
~~A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash or as close to the scene of the crash as possible and provide "identifying information."~~

**If the State proves beyond a reasonable doubt that the defendant** ~~willfully~~ **failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987)*
**"Willfully" means intentionally, knowingly, and purposely.**

*Fla. Stat. § 316.062(1)*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*Fla. Stat. § 316.003(75)*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving A Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |

| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | Reckless Driving | 316.192(1)(b) | 28.5 |
|---|---|---|---|
| | Disobedience to Police or Fire Department Officials | 316.072(3) | 28.18 |

**Comments**

For the category two lesser included offense of Disobedience to Police, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], and 2015.

## 28.18 FAILURE TO OBEY THE LAWFUL ORDER OF A [POLICE] [FIRE] [TRAFFIC] OFFICIAL
§ 316.072(3), Fla. Stat.

**To prove the crime of Failure to Obey the Lawful Order of a** (*insert type of official from the list in § 316.072(3) Fla. Stat.*)**, the State must prove the following five elements beyond a reasonable doubt:**

2.    (Defendant) **was [operating a [vehicle] [bicycle]] [walking] upon [a state-maintained highway] [county-maintained highway] [municipal street or alley] [place where vehicles have the right to travel].**

3.    (Name of official) **gave a lawful [order] [or] [direction] to** (defendant) **regarding the operation of a vehicle or bicycle or the movement of a pedestrian.**

4.    **At the time,** (name of official) **was acting in [his] [her] capacity as a [law enforcement officer] [traffic crash investigation officer] [traffic infraction enforcement officer] [member of the fire department who was at the scene of a fire, rescue operation, or other emergency].**

**5.** (Defendant) **knew that [he] [she] had been given a[n] [order] [direction] by a [law enforcement officer] [traffic crash investigation officer] [traffic infraction enforcement officer] [member of the fire department who was at the scene of a fire, rescue operation, or other emergency].**

**6.** (Defendant) **willfully failed to obey [or] [willfully refused to comply] with the [order] [or] [direction] given.**

*Definitions. Give as applicable.*
*§ 316.003(75), Fla. Stat.*
**A "vehicle" is every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1ˢᵗ DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.003(2), Fla. Stat.*
**A "bicycle" is every vehicle propelled solely by human power, and every motorized bicycle propelled by a combination of human power and an electric helper motor capable of propelling the vehicle at a speed of not more than 20 miles per hour on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. The term does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device.**

*§ 316.640, Fla. Stat.*
**A "traffic crash investigation officer" is an individual who successfully completed instruction in traffic accident investigation and court presentation through the Selective Traffic Enforcement Program as approved by the Criminal Justice Standards and Training Commission and funded through the National Highway Traffic Safety Administration or a similar program approved by the Criminal Justice Standards and Training Commission, and who is employed by** (insert relevant agency listed in § 316.640, Fla. Stat.)**.**

*§ 316.640, Fla. Stat.*

**A "traffic infraction enforcement officer" is an individual who successfully completed instruction in traffic enforcement procedures and court presentation through the Selective Traffic Enforcement Program as approved by the Division of Criminal Justice Standards and Training of the Department of Law Enforcement, or through a similar program, and who is employed by** (insert relevant agency listed in § 316.640, Fla. Stat.)**.**

*Note to judge: A special instruction may be necessary when the defendant claims the order or direction was not lawful.*

## Lesser Included Offenses

| FAILURE TO OBEY — 316.072(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2015.