NORTHCUTT, Judge.
 

 A jury convicted Chad Koch of fleeing and eluding a police officer, a third-degree felony. § 316.1935(2), Fla. Stat. (2007). Koch contends that the evidence was insufficient to convict him. He argues in the alternative that the trial court erred by refusing to instruct the jury on a lesser included offense. Koch’s first position has no merit, and we reject it without further discussion. But we conclude that he was entitled to an instruction on the lesser
 
 *465
 
 included offense. We therefore reverse his conviction and remand for a new trial.
 

 At trial two law enforcement officers testified that they activated the lights and sirens of their marked patrol cars to direct Koch to stop his car, but he did not comply and instead continued to drive down the road. The trial court read the jurors the standard instruction for the crime of fleeing and eluding, tailored to this case:
 

 To prove the crime of fleeing to elude a law enforcement officer, the state must prove the following four elements beyond a reasonable doubt:
 

 1. Chad Koch was operating a motor vehicle upon a street or highway in Florida.
 

 2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
 

 8. Chad Koch, knowing he had been directed to stop by a duly authorized law enforcement officer, willfully refused or failed to stop the vehicle in compliance with the order or having stopped the vehicle, willfully fled in an attempt to elude the officer.
 

 4. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
 

 Koch asked to have the jurors also instructed on a permissive lesser included offense, refusal to obey an officer’s lawful order under section 316.072(3). The trial court initially agreed. But then it reversed course and declined to give the instruction, reasoning that section 316.072(3) applies only in emergency situations. We disagree.
 

 Section 316.072, “Obedience to and effect of traffic laws,” states in part:
 

 (3) OBEDIENCE TO POLICE AND FIRE DEPARTMENT OFFICIALS.— It is unlawful and a misdemeanor of the second degree, punishable as provided in s.775.082 or s.775.083, for any person willfully to fail or refuse to comply with any lawful order or direction of any law enforcement officer, traffic crash investigation officer as described in s.316.640, traffic infraction enforcement officer as described in s.316.640, or member of the fire department at the scene of a fire, rescue operation, or other emergency.
 

 Our issue turns on the effect of the last phrase, “at the scene of a fire, rescue operation, or other emergency.” The trial court ultimately was persuaded that the phrase modifies the earlier phrase “any lawful order or direction,” thereby limiting the operation of the statute to orders given in emergency situations. But, because the phrase at issue is not set apart by a comma, a more grammatically sound interpretation is that it restricts only the noun phrase that immediately precedes it, i.e., “a member of the fire department.” Thus, we conclude that the statute is implicated by any lawful order or direction given by a law enforcement officer, by a traffic crash investigation officer, by a traffic infraction enforcement officer, or by a “member of the fire department at the scene of a fire, rescue operation, or other emergency.”
 
 Cf. State v. Mahoy,
 
 575 So.2d 779, 781 n. 5 (Fla. 5th DCA 1991) (suggesting section 316.072 could be applied to a situation where law enforcement stopped a driver who was weaving and driving slowly on an expressway; no emergency was underway).
 

 Having determined that the trial court’s reason for rejecting Koch’s requested instruction was erroneous, we are left with the question whether Koch was entitled to the instruction under general principles governing instructions on lesser included offenses. Arguably, the misdemeanor of
 
 *466
 
 fense of disobeying a lawful order by law enforcement under section 316.072(3) could be characterized as a necessarily, or category one, lesser included offense of fleeing and eluding under section 316.1935(2), the felony with which Koch was charged.
 
 See Boland v. State,
 
 893 So.2d 683, 685 (Fla. 2d DCA 2005) (stating that a necessarily lesser included offense is one in which the burden of proof on the elements of the charged crime cannot be discharged without proving the lesser crime). Koch, however, contends only that the former is a permissive, or category two, lesser included offense of the latter.
 

 When requested, a trial court must instruct the jury on a category two lesser included offense if the elements of the lesser offense are alleged in the information and if proof of those elements was presented at trial.
 
 Blandin v. State,
 
 916 So.2d 969, 971 (Fla. 2d DCA 2005). The standard jury instructions do not prescribe an instruction for the crime defined in section 316.072(3). We discern the elements relevant to this case to be: (1) the defendant is operating a vehicle, bicycling or walking on a public road; and (2) he willfully fails or refuses to comply; (3) with a lawful order or direction of a law enforcement officer. The information against Koch alleged that he failed to stop his car “having knowledge” that he had been directed to do so “by a law enforcement officer.” To commit a crime under section 316.072(3), a defendant must “willfully” fail to comply with an officer’s orders. “ Willfully’ means intentionally, knowingly, and purposely.” Fla. Std. Jury Inste. (Crim.) 28.7. Thus the term “willfully” encompasses the concept of “with knowledge” and vice versa. The information alleged the elements of the section 316.072(3) crime, and the proof at trial established both a knowing and willful refusal to comply with law enforcement’s orders to stop the car.
 

 Koch’s requested instruction was proper under
 
 Blandin
 
 and should have been given at his trial. We reverse his conviction for fleeing and eluding a law enforcement officer and remand for a new trial.
 

 ALTENBERND and KHOUZAM, JJ., Concur.