IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 10, 2016

GARY LEROY LUCAS,                          )
                                           )
            Appellant,                     )
                                           )
v.                                         )      Case No.  2D14-4211
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
                                           )
 _____    )


BY ORDER OF THE COURT:

            Upon consideration of Appellee's motion for rehearing and motion for

clarification filed April 29, 2016, and Appellant's motion for rehearing filed May 9, 2016,

            IT IS ORDERED that (1) Appellee's motion for rehearing is granted in part

and denied in part; (2) Appellee's motion for clarification is granted in part and denied in

part; and (3) Appellant's motion for rehearing is denied.  This court's opinion dated

April 22, 2016, is withdrawn, and the attached opinion is issued in its place.

            No further motions will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

GARY LEROY LUCAS,       )
          )
      Appellant,      )
          )
v.                   )     Case No. 2D14-4211
          )
STATE OF FLORIDA,      )
          )
      Appellee.       )
_____)

Opinion filed June 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; J. Rogers Padgett,
Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

Gary Leroy Lucas appeals his judgment and ten-year prison sentence for

leaving the scene of an accident, fleeing and attempting to elude a police officer, and

burglary of an unoccupied structure. See §§ 316.063(1), 316.1935(1), 810.02(1)(b)(4),

Fla. Stat. (2013). Because the trial court erred in refusing to instruct the jury on a

permissive lesser included offense, we reverse the conviction for fleeing and attempting

to elude a police officer and remand for a new trial on that charge. We affirm, without further discussion, on the other issues Mr. Lucas raised.

The officer testified at trial that as he drove up to a church to respond to a possible burglary, he saw Mr. Lucas get into a truck. The officer activated the emergency lights of his patrol car to alert Mr. Lucas of his presence. He was in full uniform, wearing a gun belt and badge. He approached the truck and directed Mr. Lucas to shut off the truck and step out. Mr. Lucas hesitated. After several more commands from the officer, Mr. Lucas put his truck in reverse, accelerated, backed it into a power pole, and drove off. Responding to the officer's BOLO ("be-on-the-lookout" alert), another officer soon stopped Mr. Lucas. The first officer arrested Mr. Lucas for fleeing to elude and leaving the scene of a crash. The trial judge read the jurors the standard jury instruction for fleeing to elude a law enforcement officer[1]:

> To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. Gary Lucas was operating a motor vehicle upon a street or highway in Florida.
>
> 2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
>
> 3. Gary Lucas, knowing he had been ordered to stop by a duly authorized law enforcement officer:
>
>> a. willfully refused or failed to stop the vehicle in compliance with the order or
>>
>> b. having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.

---

[1]In re Standard Jury Instructions in Criminal Cases, 73 So. 3d 136, 137-38 (Fla. 2011) (Standard Jury Instruction 28.6, Fleeing to Elude a Law Enforcement Officer, § 316.1935(1)).

Mr. Lucas asked the trial court to also instruct the jury on the category-two permissive lesser included offense of disobeying a law enforcement officer, a violation of section 316.072(3). The trial court declined the request.

There was no standard jury instruction for a violation of section 316.072(3) at the time of Mr. Lucas' trial.[2] That section provides that "[i]t is unlawful and a misdemeanor of the second degree . . . for any person willfully to fail or refuse to comply with any lawful order or direction of any law enforcement officer . . . ." § 316.072(3).

A trial court must instruct the jury on a category-two lesser included offense if the defense requests it, the information alleges its elements, and the State presented proof of those elements at trial. Koch v. State, 39 So. 3d 464, 466 (Fla. 2d DCA 2010) (holding defendant was entitled to have jury instructed on disobeying a lawful order by law enforcement as a lesser included offense of fleeing and eluding).

Mr. Lucas requested the instruction. The information tracked the language of section 316.1935(1) (fleeing to elude a law enforcement officer). Necessarily, therefore, the information alleged the elements of "willfully [failing] or refus[ing] to comply with any lawful order or direction of any law enforcement officer" under section 316.072(3). The State also presented proof of the lesser offense at trial. Consequently, the trial court should have instructed the jury on the permissive lesser offense.

---

[2]The supreme court issued a standard jury instruction in June 2015. In re Standard Jury Instructions in Criminal Cases, 166 So. 3d 161, 174-75 (Fla. 2015) (Standard Jury Instruction 28.18, Failure to Obey the Lawful Order of a [Police] [Fire] [Traffic] Official, § 316.0723.).

We reverse Mr. Lucas' conviction for fleeing and eluding a law enforcement officer and remand for a new trial on that charge.

Affirmed, in part, reversed, in part, and remanded.

CASANUEVA and LUCAS, JJ., Concur.