# Supreme Court of Florida

_____

No. SC17-1714
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-05.**

[February 8, 2018]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize for publication and use the amended

standard instructions. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following standard criminal jury

instructions: 28.4 (Leaving the Scene of a Crash Involving [Death] [Serious

Bodily Injury] [Injury]); 28.4(a) (Leaving the Scene of a Crash Involving Only

Damage to an Attended Vehicle or Attended Property); 28.4(b) (Leaving the Scene

of a Crash Involving Damage to an Unattended Vehicle or Unattended Property);

28.6 (Fleeing to Elude a Law Enforcement Officer); 28.7 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated)); 28.8 (Fleeing to Elude a Law

Enforcement Officer (Siren and Lights Activated with High Speed or Reckless Driving); 28.8(a) (Fleeing to Elude a Law Enforcement Officer (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)); 28.8(b) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death)); 28.8(c) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)); 28.8(d) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another)); and 28.8(e) (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)).

The Committee published all of the proposals in the January 15, 2017, edition of *The Florida Bar News*. The Committee made responsive changes to a majority of the proposals following its receipt of comments. The Court did not publish the proposals after they were filed. Having considered the Committee's report, we authorize for publication and use the above-listed instructions as proposed.

We note the more significant amendments to the standard criminal jury instructions[1] as follows.  First, instructions 28.4, 28.8(b), 28.8(c), 28.8(d), and 28.8(e) are amended to remove the phrase "or accident" from the elements of the offenses.  Second, the Leaving the Scene instructions, 28.4, 28.4(a), and 28.4(b), and the Aggravated Fleeing or Eluding instructions, 28.8(b), 28.8(c), 28.8(d), and 28.8(e), are amended to add a citation to *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016), with the definition for the phrase "a vehicle is 'involved in a crash,' " meaning "if it collides with another vehicle, person, or object."

Having considered the Committee's report, we authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that

1. Comments to the instructions also are amended based upon the Committee's proposals but are not discussed, as we caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**28.4 LEAVING THE SCENE OF A CRASH INVOLVING [DEATH] [SERIOUS BODILY INJURY] [INJURY]**
§ 316.027(2), Fla. Stat.; § 316.062, Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving [Death] [Injury], the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash ~~or accident~~ occurring on public or private property resulting in [injury to] [death of] any person**.

2. (Defendant) **knew that [he] [she] was involved in a crash ~~or accident.~~**

*Give 3a if death is charged or 3b if injury or serious bodily injury is charged.*

3. a. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash ~~or accident~~, of the injury to or death of the person.**

   b. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash ~~or accident~~, of the injury to the person.**

*Give 4a, 4b, or both as applicable.*

4. a. (Defendant) **willfully failed to stop at the scene of the crash ~~or accident~~ or as close to the crash ~~or accident~~ as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle] and to any police officer investigating the crash ~~or accident.~~**

   **[or]**

**b.** (Defendant) **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

**If the State proves that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Give if serious bodily injury is charged. § 316.027(1)(a), Fla. Stat.; § 316.027(2)(b), Fla. Stat.*
**If you find that (defendant) committed the crime of Leaving the Scene of a Crash Involving Injury, you must then determine whether the State proved beyond a reasonable doubt that the injury was a serious bodily injury.**

**"Serious bodily injury" means an injury to a person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that (defendant) committed the crime of Leaving the Scene of a Crash Involving [Death] [Serious Bodily Injury] [or] [Injury], you must then determine whether the State proved beyond a reasonable doubt that the [injured person] [person who died] was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**
**[engaged in the provision of emergency services within the right-of-way].**
**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions. ~~Give as applicable. § 316.003(75), Fla. Stat.~~*
*~~Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).~~*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*§ 316.003(75), Fla. Stat.*
**A "vehicle" is any device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.**

*§ 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally and purposely.**

*If the "vulnerable road user" enhancement is given, insert applicable definitions from § 316.003, Fla. Stat.*

**Lesser Included Offenses**

| LEAVING THE SCENE OF A CRASH INVOLVING DEATH — 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Leaving the Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

| LEAVING THE SCENE OF A CRASH INVOLVING SERIOUS BODILY INJURY — 316.027(2)(b) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Leaving the Scene of a Crash Involving Injury | | 316.027(2)(a) | 28.4 |
| | Attempt | 777.04(1) | 5.1 |

## Comments

\* In *Williams v. State*, 732 So. 2d 431 (Fla. 2d DCA 1999), the court stated in dictum that Leaving the Scene of a Crash Involving Injury is a necessarily lesser-included offense of Leaving the Scene of a Crash Involving Death. In other areas, however, where there is no issue that a person was killed as a result of an incident giving rise to criminal charges, non-death lessers are not appropriate. *See, e.g., State v. Barritt,* 531 So. 2d 338 (Fla. 1988); *Humphrey v. State*, 690 So. 2d 1351 (Fla. 3d DCA 1997).

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder,* 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016)).

This instruction was adopted in 1995 [665 So. 2d 212] and amended in 2008 [973 So. 2d 432], 2015 [166 So. 3d 1361], and 2016 [192 So. 3d 1190], and 2018.


**28.4(a)  LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED VEHICLE OR ATTENDED PROPERTY**
§ 316.061(1), Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving Only Damage to an Attended Vehicle or Attended Property, the State must prove the following four elements beyond a reasonable doubt:**

**1.**  (Defendant) **was the driver of a vehicle involved in a crash.**

**2.  The crash resulted only in damage to a vehicle or other property.**

**3.** **The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

**4.** (Defendant) **failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash or who is investigating the crash].**

**If the State proves that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Fla. Stat. § 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and if available and requested, the exhibition of the defendant's license or permit to drive.**

*Fla. Stat. § 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| LEAVING THE SCENE OF A CRASH INVOLVING ONLY DAMAGE TO AN ATTENDED VEHICLE OR ATTENDED PROPERTY—316.061(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007), which was decided before *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016).

As of August 2017, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage. *Compare State v. Dorsett*, 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2018.

**28.4(b)  LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY**
§ 316.063(1), Fla. Stat.

**To prove the crime of Leaving the Scene of a Crash Involving Damage to an Unattended Vehicle or Unattended Property, the State must prove the following four elements beyond a reasonable doubt:**

1.   (Defendant) **was the driver of a vehicle involved in a crash or collision.**

2.   **The crash or collision resulted in damage to another vehicle or other property.**

3.   **The vehicle or other property was not driven or attended by any person.**

4.   (Defendant) **failed to immediately stop at the scene of the crash or collision and then and there either**

- 10 -

a.  locate and notify the operator or owner of the vehicle or other property of [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, or

b.  attach securely in a conspicuous place in or on the vehicle or other property a written notice giving [his] [her] name and address and the registration number of the vehicle [he] [she] was driving, and, without unnecessary delay, notify the nearest office of a duly authorized police authority.

*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*§ 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offense**

| LEAVING THE SCENE OF A CRASH INVOLVING DAMAGE TO AN UNATTENDED VEHICLE OR UNATTENDED PROPERTY— 316.063(1) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State,* 195 So. 3d 1123 (Fla. 2016)).

As of ~~September 2015~~August 2017, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage. *Compare State v. Dorsett*, 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.063, Fla. Stat., contains an explicit willfulness requirement.

This instruction was adopted in 2016 [192 So. 3d 1190] and amended in 2018.

## 28.6  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
§ 316.1935(1), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. **A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.**

*Give 3a or 3b as applicable.*
3. (Defendant)**, knowing [he] [she] had been ordered to stop by a duly authorized law enforcement officer,**

    a. **willfully refused or failed to stop the vehicle in compliance with the order**

    b. **having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*~~Fla. Stat.~~ § 316.003(53)<u>, Fla. Stat.</u>*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*~~Fla. Stat.~~ § 316.003(75)<u>, Fla. Stat.</u>*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

### Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials<u>*</u> | 316.072(3) | 28.18 |

### Comments

~~For the category two lesser included offense, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).~~<u>*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).</u>

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], ~~and~~ 2015 [166 So. 3d 161], and 2018.

## 28.7  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated)
§ 316.1935(2), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2.  (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3.  **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*~~Fla. Stat.~~ § 316.003(53), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*~~Fla. Stat.~~ § 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**


**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

**Comments**

~~For the category two lesser included offense, see *Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010).~~ *The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).*

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], ~~and~~ 2015 [166 So. 3d 161], and 2018.

## 28.8  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving)
§ 316.1935(3)(a), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53), Fla. Stat.*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

*Fla. Stat. § 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

**Lesser Included Offenses**

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935 (3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing was in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

**Comments**

~~For the category two lesser included offense, see *Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010).~~ *The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).*

This instruction was adopted in 2000 [765 So. 2d 692] and amended in 2008 [976 So. 2d 1081], 2011 [73 So. 3d 136], ~~and~~ 2015 [166 So. 3d 161], and 2018.

## 28.8(a)  FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
### (Siren and Lights Activated with High Speed or Reckless Driving Causing Serious Bodily Injury or Death)
§ 316.1935(3)(b), Fla. Stat.

**To prove the crime of Fleeing to Elude a Law Enforcement Officer, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **was operating a vehicle upon a street or highway in Florida.**

2. (Defendant)**, knowing [he] [she] had been directed to stop by a duly authorized law enforcement officer, willfully fled in a vehicle in an attempt to elude a law enforcement officer.**

3. **The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.**

4. **During the course of the fleeing or the attempt to elude,** (defendant) **drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.**

5. **As a result of** (defendant's) **fleeing or eluding at high speed or wanton disregard for safety, [he] [she] caused [the death of] [serious bodily injury to] [another person] [a law enforcement officer involved in pursuing or otherwise attempting to stop [his] [her] vehicle].**

*Definitions.*
**"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].**

*Fla. Stat. § 316.003(53), Fla. Stat*
**"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.**

- 18 -

*Fla. Stat.* § 316.003(75), Fla. Stat.

**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

### Lesser Included Offenses

| FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER — 316.1935(3)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Fleeing to elude | | 316.1935(3)(a) | 28.8 |
| Fleeing to elude | | 316.1935(2) | 28.7 |
| Fleeing to elude | | 316.1935(1) | 28.6 |
| Reckless Driving (if wanton disregard for the safety of persons or property is charged or if there is evidence that the fleeing is in a motor vehicle) | | 316.192(1) | 28.5 |
| | Disobedience to Police or Fire Department Officials* | 316.072(3) | 28.18 |

### Comments

~~For the category two lesser included offense, see Koch v. State, 39 So. 3d 464 (Fla. 2d DCA 2010).~~*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State,* 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State,* 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police

requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer,* 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], ~~and~~ 2015 [166 So. 3d 161], and 2018.

### 28.8(b)  AGGRAVATED FLEEING OR ELUDING
**(Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.027, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1. (Defendant) **was the driver of a vehicle involved in a crash** ~~or accident~~ **occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2. (Defendant) **knew that [he] [she] was involved in a crash** ~~or accident.~~

*Give 3a if death is charged or 3b if injury or serious bodily injury is charged.*

3. a. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash** ~~or accident~~**, of the injury to or death of the person.**

   b. (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash** ~~or accident~~**, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4. (Defendant)

   a. **willfully failed to stop at the scene of the crash** ~~or accident~~ **or as close to the crash** ~~or accident~~ **as possible and remain**

there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant][person attending the vehicle or other damaged property] and to any police officer investigating the crash ~~or accident~~.

[or]

    b.      willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.

5.      A duly authorized law enforcement officer ordered (defendant) **to stop.**

6.      (Defendant)**, knowing [he][she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.      **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash** ~~or accident~~ **or as close to the scene of the crash** ~~or accident~~ **as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*

- 21 -

**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

[a pedestrian].
[actually engaged in work upon a highway].
[actually engaged in work upon utility facilities along a highway].
[engaged in the provision of emergency services within the right-of-way].
[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].
[riding an animal].
[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].

*Definitions.* ~~*Give as applicable.*~~
*Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).*
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

- 22 -

*§ 316.003(75), Fla. Stat.*

**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*§ 316.027(1)(a), Fla. Stat.*

**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Death and then Causing Serious Injury Bodily Injury or Death) — 316.1935(4)(b) and 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving the Scene of a Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.84 |
| Leaving Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |

| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |
|---|---|---|---|

**Comments**

  \* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

  For the category two lesser included offense, see Koch v. State, 39 So. 3d 464 (Fla. 2d DCA 2010). \*\*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

  It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016)).

  This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], and 2016 [192 So. 3d 1190], and 2018.

**28.8(c)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Damage to a Vehicle or Property then**
**Causing Serious Bodily Injury or Death)**
§ 316.1935(4)(b) and § 316.061, Fla. Stat.

To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:

1.	(Defendant) **was the driver of a vehicle involved in a crash** ~~or accident~~**.**

2.	**The crash** ~~or accident~~ **resulted only in damage to a vehicle or other property.**

3.	**The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

4.	(Defendant) **failed to stop at the scene of the crash** ~~or accident~~ **or as close to the crash** ~~or accident~~ **as possible and remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash** ~~or accident~~ **or who is investigating the crash** ~~or accident~~**.**

5.	**A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.	(Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7.	**As a result of** (defendant) **fleeing or eluding, [he] she] caused [serious bodily injury to] [the death of]** (name of victim)**.**

If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.

*Definitions.*
Gaulden v. State, 195 So. 3d 1123 (Fla. 2016).
**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**

*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*§ 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death) — 316.1935(4)(b) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Aggravated Fleeing | | 316.1935(4)(a) | 28.85 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

- 26 -

**Comments**

\* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

As of ~~September 2015~~August 2017, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. Compare *State v. Dorsett*, 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State*, 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

~~For the category two lesser included offense, see Koch v. State, 39 So. 3d 464 (Fla. 2d DCA 2010).~~ \*\*The Second District Court of Appeal requires Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016)).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], ~~and~~ 2016 [192 So. 3d 1190], and 2018.

**28.8(d)  AGGRAVATED FLEEING OR ELUDING**
**(Leaving a Crash Involving Serious Bodily Injury, Injury or Death then Causing Injury or Property Damage to Another)**
§ 316.1935(4)(a) and § 316.027 Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.    (Defendant) **was the driver of a vehicle involved in a crash** ~~or accident~~ **occurring on public or private property resulting in [serious bodily injury to] [injury to] [the death of] any person.**

2.    (Defendant) **knew that [he] [she] was involved in a crash** ~~or accident~~**.**

*Give 3a if death is charged or 3b if serious bodily injury or injury is charged.*

3.    a.    (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash** ~~or accident~~**, of the injury to or death of the person.**

      b.    (Defendant) **knew, or should have known from all of the circumstances, including the nature of the crash** ~~or accident~~**, of the injury to the person.**

*Give 4a or 4b or both as applicable.*

4.    (Defendant)

      a.    **willfully failed to stop at the scene of the crash** ~~or accident~~ **or as close to the crash** ~~or accident~~ **as possible and remain there until [he] [she] had given "identifying information" to the [injured person] [driver] [occupant] [person attending the vehicle or other damaged property] and to any police officer investigating the crash** ~~or accident~~**.**

      **[or]**

- 28 -

     **b.**    **willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.**

5.    **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6.    (Defendant) **knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his][her]vehicle in compliance with the order to stop][and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer.]**

7.    **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [an injury to] [damage to the property of]** (name of victim).

*§ 316.027, Fla. Stat.*
**A driver has the legal duty to immediately stop [his] [her] vehicle at the scene of the crash** ~~or accident~~ **or as close to the scene of the crash** ~~or accident~~ **as possible and provide "identifying information."**

**If the State proves beyond a reasonable doubt that the defendant willfully failed to give any part of the "identifying information" or willfully failed to give reasonable assistance, the State satisfies this element of the offense.**

*Enhancement. Give when the State alleged the victim was a "vulnerable road user." § 316.027(2)(f), Fla. Stat.*
**If you find that the State proved beyond a reasonable doubt that** (defendant) **committed elements #1 – #4, you must then determine whether the State also proved beyond a reasonable doubt that the [injured person] [person who died] in element #1 was:**

**[a pedestrian].**
**[actually engaged in work upon a highway].**
**[actually engaged in work upon utility facilities along a highway].**

**[engaged in the provision of emergency services within the right-of-way].**
**[operating a [bicycle] [motorcycle] [scooter] [moped] lawfully on the roadway].**
**[riding an animal].**
**[lawfully operating [a farm tractor or similar vehicle designed primarily for farm use] [a skateboard] [roller-skates] [in-line skates] [a horse-drawn carriage] [an electric personal assistive mobility device] [a wheelchair] on [a public right-of-way] [crosswalk] [shoulder of the roadway]].**

*Definitions. ~~Give as applicable.~~*
<u>*Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016).</u>
**<u>A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.</u>**

*Patterson v. State*, 512 So. 2d 1109 (Fla. 1st DCA 1987).
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062, Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

**"Reasonable assistance" includes carrying or making arrangement to carry the injured person to a physician or hospital for medical treatment.**

*§ 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

*§ 316.027(1)(a), Fla. Stat.*
**"Serious bodily injury" means an injury to a person [including the driver,] which consists of a physical condition that creates a substantial risk of death, serious disfigurement, or protracted loss or impairment of the function of a bodily member or organ.**

## Lesser Included Offenses

| AGGRAVATED FLEEING OR ELUDING (Leaving a Crash Involving Death and then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and § 316.027(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Leaving Scene of a Crash Involving Death* | | 316.027(2)(c) | 28.4 |
| Leaving Scene of Crash Involving Serious Bodily Injury* | | 316.027(2)(b) | 28.4 |
| Leaving Scene of a Crash Involving Injury* | | 316.027(2)(a) | 28.4 |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

## Comments

* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Death, Serious Bodily Injury, or Injury. Therefore, if a Leaving the Scene crime is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

~~For the category two lesser included offense, see *Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010).~~**The Second District Court of Appeal requires

Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State*, 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016)).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], ~~and~~ 2016 [192 So. 3d 1190], and 2018.

### 28.8(e)  AGGRAVATED FLEEING OR ELUDING
### (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)
§ 316.1935(4)(a) and § 316.061, Fla. Stat.

**To prove the crime of Aggravated Fleeing or Eluding, the State must prove the following seven elements beyond a reasonable doubt:**

1.  (Defendant) **was the driver of a vehicle involved in a crash** ~~**or accident.**~~

2.  **The crash** ~~**or accident**~~ **resulted only in damage to a vehicle or other property.**

3.  **The [vehicle] [other property] was [driven] [attended] by [a person] [**(name of person)**].**

4.  (Defendant) **failed to stop at the scene of the crash** ~~**or accident**~~ **or as close to the crash** ~~**or accident**~~ **as possible and**

- 32 -

**remain there until [he] [she] had given "identifying information" to the [driver or occupant of the damaged vehicle] [person attending the damaged vehicle or property] [and to any police officer at the scene of the crash ~~or accident~~ or who is investigating the crash ~~or accident~~].**

5. **A duly authorized law enforcement officer ordered** (defendant) **to stop.**

6. (Defendant)**, knowing [he] [she] had been ordered to stop by a law enforcement officer, [willfully refused or failed to stop [his] [her] vehicle in compliance with the order to stop] [and after having stopped in knowing compliance with the order to stop, willfully fled in a vehicle in an attempt to elude the law enforcement officer].**

7. **As a result of** (defendant) **fleeing or eluding, [he] [she] caused [injury to] [damage to the property of]** (name of victim)**.**

**If the State proves beyond a reasonable doubt that the defendant failed to give any part of the "identifying information," the State satisfies this element of the offense.**

*Definitions.*
<u>*Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016).</u>
<u>**A vehicle is "involved in a crash" if it collides with another vehicle, person, or object.**</u>

*Patterson v. State*, 512 So. 2d 1109 (Fla. 1st DCA 1987).
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 316.062(1), Fla. Stat.*
**"Identifying information" means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant's license or permit to drive.**

*§ 316.003(75), Fla. Stat.*
**"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.**

**Lesser Included Offenses**

| AGGRAVATED FLEEING OR ELUDING (Leaving A Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another) — 316.1935(4)(a) and 316.061 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Fleeing to Elude LEO | | 316.1935(1) | 28.6 |
| Leaving the Scene of a Crash Involving Damage to Vehicle or Property* | | 316.061 | 28.4(a) |
| | Fleeing to Elude LEO | 316.1935(3)(b) | 28.81 |
| | Fleeing to Elude LEO | 316.1935(3)(a) | 28.8 |
| | Fleeing to Elude LEO | 316.1935(2) | 28.7 |
| Reckless Driving (if there was evidence that the fleeing was in a motor vehicle) | | 316.192(1)(b) | 28.5 |
| | Disobedience to Police or Fire Department Officials** | 316.072(3) | 28.18 |

**Comments**

    \* § 316.1935(4), Fla. Stat., states that a person may be charged with both Aggravated Fleeing or Eluding and Leaving the Scene of a Crash Involving Damage to Attended Property. Therefore, if Leaving the Scene is charged as a separate count, then Leaving the Scene should not be given as a lesser-included offense of Aggravated Fleeing or Eluding.

    As of ~~September 2015~~August 2017, there was no case law directly addressing the issue of whether the State must prove the defendant knew, or should have known, of either the crash or the property damage to violate this statute. Compare *State v. Dorsett,* 158 So. 3d 557 (Fla. 2015), and *Mancuso v. State,* 652 So. 2d 370 (Fla. 1995), dealing with § 316.027, Fla. Stat., which, unlike § 316.061, Fla. Stat., contains an explicit willfulness requirement.

    ~~For the category two lesser included offense, see *Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010).~~**The Second District Court of Appeal requires

Disobedience to Police to be given as a lesser when the charging document tracks the Fleeing statute. *See Koch v. State*, 39 So. 3d 464 (Fla. 2d DCA 2010); *Lucas v. State,* 192 So. 3d 1269 (Fla. 2d DCA 2016). The Committee retained Disobedience to Police in the Category Two box, however, because Disobedience to Police requires the police order or direction to be lawful and the crime of Fleeing to Elude LEO does not contain that element. *See State v. Kirer*, 120 So. 3d 60 (Fla. 4th DCA 2013); *Jackson v. State*, 463 So. 2d 372 (Fla. 5th DCA 1985).

It is unclear whether the courts will interpret the statutory phrase of "involved in a crash" as including instances where the defendant's vehicle did not collide with another vehicle, person, or object, but the defendant's driving pattern caused vehicle 2 to collide with a person, an object, or vehicle 3. *See State v. Elder*, 975 So. 2d 481 (Fla. 2d DCA 2007) (decided before *Gaulden v. State*, 195 So. 3d 1123 (Fla. 2016)).

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2011 [73 So. 3d 136], 2015 [166 So. 3d 161], and 2016 [192 So. 3d 1190], and 2018.